IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-06-00353-CV

 

Donald Ray McCray,

                                                                                    Appellant

 v.

 

Becky A. Tibbs 

and Donna A. Crowley,

                                                                                    Appellees

 

 

 



From the 12th District Court

Walker County, Texas

Trial Court No. 06-23338

 



MEMORANDUM  Opinion



 

Appellant Donald McCray is attempting to appeal the trial court’s February 3, 2006 order
requesting that the Attorney General obtain authority to represent the
defendants [Becky Tibbs and Donna Crowley] and answer on their behalf within
sixty days and, apparently, the trial court’s refusal to enter a default
judgment against these defendants.  On December 22, 2006, we notified McCray that this court may not
have jurisdiction over this appeal because it appears that the order is an
interlocutory, nonappealable order.  See Tex. Civ. Prac. & Rem. Code Ann. §
51.014 (Vernon Supp. 2006) (listing types of interlocutory orders that are appealable).

We stated that the appeal might be dismissed for want of
jurisdiction unless McCray filed with the court within twenty-one days a response
showing grounds for continuing the appeal.  McCray has
filed a response, but it fails to show grounds for continuing the appeal.  Because
the complained-of order is not appealable, we dismiss the appeal for want of
jurisdiction.  See Tex. R. App.
P. 42.3(a), 43.2(f).

McCray has not paid the filing fees incurred in
this appeal.  Absent a specific exemption, the Clerk of the Court must collect
filing fees at the time a document is presented for filing.  Tex. R. App. P. 12.1(b); Appendix to Tex. R. App. P., Order Regarding Fees
(July 21, 1998); see also Tex. R.
App. P. 5; 10th Tex. App. (Waco) Loc. R. 5; Tex. Gov’t Code Ann. §
51.207(b) (Vernon 2005).  To prove up an exemption, McCray filed an indigence
affidavit, but due to the cost of compliance when balanced against the
likelihood that McCray, who is an inmate, would not be determined to be
indigent if his affidavit were contested, we did not require the clerk to
attempt to comply with Rule 20.1(d)(2).  Tex.
R. App. P. 20.1(d)(2).  Under these circumstances, we suspend the rules
and order the Clerk to write off all unpaid fees in this appeal.  Tex. R. App. P. 2.

 

PER CURIAM

 

Before Chief Justice
Gray,

            Justice
Vance, and

            Justice Reyna

(Chief Justice Gray concurs with a note:  My efforts
to help the author clarify the complaints and communications with McCray have
only resulted in further compounding the miscommunications and misstatements
between the Court and this litigant.  McCray has, however, not identified in
his response an order over which we have jurisdiction in an interlocutory
appeal nor a final appealable judgment.  Therefore I can join the dismissal of
this appeal for want of jurisdiction.)

Appeal dismissed

Opinion delivered and
filed February 14, 2007

[CV06]






xt-align:justify'> 

Before
Chief Justice Gray,

            Justice
Reyna, and

            Justice
Davis

Petition
denied

Opinion
delivered and filed April 29, 2009

Do
not publish 

[OT06]